IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,808-01






EX PARTE DUSTIN PAUL MCFALL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-10-0538-A IN THE 22ND DISTRICT COURT


FROM HAYS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two counts of
sexual assault of a child in exchange for deferred adjudication community supervision. Applicant's
guilt was later adjudicated, and he was sentenced to twenty years for each count, cumulated with
each other and with another sentence for failure to comply with sex offender registration
requirements. 

 Applicant contends, inter alia, (1) that his trial counsel rendered ineffective assistance because 
counsel failed to object when the trial court stated an opinion that Applicant should go to prison for
life, failed to advise Applicant that he would not be subject to an automatic life sentence if he were
convicted at trial, failed to object to the cumulation order after adjudication, and failed to file notice
of appeal after adjudication, despite Applicant's expression of his desire to appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make specific findings as to whether
Applicant expressed a desire to appeal after adjudication, whether notice of appeal was filed on his
behalf, and whether appellate counsel was appointed to represent him. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 11, 2013

Do not publish
1. This Court has considered Applicant's other grounds for review, and finds them to be
without merit.